VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        23-AP-006



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2023

Deanna Bartlett\* v. Department of Labor     }    APPEALED FROM:
                                                }    Employment Security Board
                                                }    CASE NO. 02-22-027-01

In the above-entitled cause, the Clerk will enter:

Claimant appeals the denial of her claim for unemployment compensation benefits. On appeal, she argues that she should receive unemployment compensation for a period when she was unable to work due to an eating disorder. We affirm.

Claimant separated from her employer in May 2021 due to an eating-disorder diagnosis and related physical limitations. She filed for unemployment benefits the following day, informing the Department of Labor that she was unable to work due to her medical condition. She was denied unemployment benefits because she was not "able to work" and "available for work" as required by the statute. 21 V.S.A. § 1343(a)(3). Claimant appealed the denial to an administrative law judge (ALJ). The ALJ explained that claimant must be able to work and available to work to be eligible for unemployment benefits. Because claimant's medical condition rendered her physically unable to work, the ALJ affirmed the denial of benefits. Claimant appealed to the Board, which affirmed. Claimant appeals.

An employee is disqualified from unemployment benefits if the employee leaves voluntarily without good cause attributable to the employer. Id. § 1344(a)(2)(A). A claimant must be able and available to work to be eligible for unemployment benefits. Id. § 1343(a)(3). "The findings of the Board will be affirmed by this Court if they are supported by credible evidence . . . ." Cook v. Dep't of Emp. & Training, 143 Vt. 497, 501 (1983).

On appeal, claimant states that she lost her prior employment because she was unable to perform her duties due to her eating disorder. She asserts that she received inconsistent information from Department staff as to her eligibility and that it took an extended period of time for her claim to be processed. She also argues that she was falsely reassured by Department staff that she would receive benefits. She asserts that persons such as herself should be entitled to benefits.

Eligibility for unemployment-compensation benefits is controlled by statute. "The unemployment compensation program is designed to assist members of the working force who are made jobless by the operations of the economy over which they have no control." Hunt v.

Dep't of Emp. Sec., 142 Vt. 90, 92 (1982). Moreover, "the purpose of the unemployment compensation law is not to provide sick benefits nor to compensate those who cease working because of illness." LaFountain v. Dep't of Lab., 2018 VT 31, ¶ 7, 207 Vt. 120 (quotation omitted). This Court must implement the statute as written and "is not free to enlarge its scope by an unwarranted interpretation of statutory language." Hunt, 142 Vt. at 93.

Here, the statutory language is clear that eligibility requires a claimant to be able and available to work. The evidence supports the Board's finding that claimant was not able and available to work—indeed, claimant does not contest this fact. Even accepting claimant's assertion that she was provided with inconsistent information from Department staff, this provides no basis to award benefits where they are not due under the statute. The Court is obligated to enforce the statute as written. Because claimant did not meet the statutory eligibility requirements, the Board properly denied her benefits.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

2